IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: <br><br> MASSACHUSETTS ELEPHANT & CASTLE GROUP, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case  No. 11- 16155 ( ) <br><br> Jointly Administered |

### APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HEENAN BLAIKIE LLP AS CANADIAN COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE COMMENCEMENT DATE PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE

Massachusetts Elephant & Castle Group, Inc., on behalf of itself and affiliated debtors and debtors in possession (collectively, the "Debtors"), hereby files this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 327(e) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the retention and employment of Heenan Blaikie LLP ("Heenan Blaikie") as its Canadian counsel *nunc pro tunc* to the Petition Date (as defined herein). In support of this Application, the Debtors rely upon the affidavit of Kenneth D. Kraft (the "Kraft Affidavit"), attached hereto as Exhibit B, and respectfully states as follows:

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Massachusetts Elephant & Castle Group, Inc. (5090), Elephant and Castle of Pennsylvania, Inc. (9152), E&C Pub, Inc. (4001), Elephant & Castle Inc. (Washington) (3988), Elephant & Castle (Chicago) Corporation (5254), Elephant & Castle East Huron, LLC (8642), E&C Capital, LLC (4895), Elephant & Castle Illinois Corporation (2811), E&C Eye Street, LLC (1803), Elephant & Castle International, Inc. (5294), Elephant & Castle Pratt Street, LLC (7898), Elephant & Castle Group Inc. (no U.S. EIN), Elephant & Castle Canada Inc. (no U.S. EIN), Repechage Investments Limited (no U.S. EIN), Elephant & Castle, Inc. (Texas) (no U.S. EIN). The Debtors' corporate offices are located at 50 Congress Street, Suite 900, Boston, MA 02109.

## JURISDICTION

1. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this proceeding and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested herein is sections 327(e) and 328(a) of the Bankruptcy Code.

## BACKGROUND

2. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

3. The Debtors continue to operate their businesses and to manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. No trustee or examiner has been requested or appointed in these cases and no creditors' committee has been established in this case.

5. The Debtors operate and franchise authentic, full-service British style restaurant pubs in the United States and Canada. There are nine Debtors owned locations and one franchised location in the United States, in addition to nine debtor-owned locations and one franchised location in Canada. Each restaurant employs approximately 40 people, 40% of whom work part-time. For fiscal year end 2010, the Debtors had an average restaurant volume in the United States and Canada of $2.9 million and $2.3 million, respectively. The Debtors' corporate offices are located in Boston.[2]

6. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Declaration of Keith A. Radford in

---

[2] One of the Debtors(Elephant & Castle (Chicago) Corporation) has a subsidiary that has a joint venture interest in an entity that operates the Elephant & Castle Restaurant in San Francisco. Neither that subsidiary nor the joint venture are debtors.

2

Support of Chapter 11 Petitions and First Day Motions and Applications (the "Radford Declaration") filed contemporaneously herewith and incorporated herein by reference

## RELIEF REQUESTED

### A. Retention of Heenan Blaikie

7. Subject to approval by this Court, the Debtors wishes to employ Heenan Blaikie as their Canadian counsel to assist the Debtors in connection with carrying out its duties and responsibilities under the Bankruptcy Code during the Chapter 11 Cases by advising the Debtors on relevant aspects of Canadian law and taking all actions necessary to protect the Debtor's interests in connection with an application for an ancillary proceeding under the Companies' Creditors Arrangement Act (the "CCAA"). The Debtors seek to do so pursuant to sections 327(e) and 328(a) of the Bankruptcy Code and the terms of this Application.

8. By separate applications, the Debtors are seeking to employ and retain, pursuant to section 327(a) of the Bankruptcy Code, Eckert Seamans Cherin & Mellott, LLP ("Eckert Seamans") as general bankruptcy and reorganization counsel. However, due to the complexity and international nature of the Chapter 11 Cases, the Debtors submit that it is essential to employ Canadian counsel in order to fully protect the rights of the Debtors.

9. The Debtors have selected Heenan Blaikie as their Canadian counsel during the pendency of its bankruptcy case because of the firm's extensive experience and knowledge in the field of debtors' and creditors' rights, business reorganizations and liquidations under the CCAA and the Bankruptcy and Insolvency Act (the "BIA") and its general expertise, experience, and knowledge of Canadian law. In selecting counsel to advise the Debtors with respect to seeking recognition of the Chapter 11 Cases under and pursuant to Part IV of the CCAA, the Debtors sought Canadian counsel with experience in representing debtors in cross-border reorganization cases and other debt restructurings. Heenan Blaikie has such experience as Heenan Blaikie is

3

regularly involved in bankruptcy and insolvency cases with both American and Canadian components. The Debtors believe that Heenan Blaikie is both well qualified and able to represent it in these Chapter 11 Cases and any related Canadian proceedings in a most efficient and timely manner.

10. Heenan Blaikie has stated its desire and willingness to act in the Chapter 11 Cases and to render the necessary professional services as Canadian counsel to the Debtors.

11. To the best of the Debtors' knowledge, the partners and associates of Heenan Blaikie do not have any connection with or any interest adverse to the Debtors, its creditors or any other party in interest or their respective attorneys, except as set forth herein and in the Kraft Affidavit.

12. Heenan Blaikie intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Massachusetts (the "Local Rules"). The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, proposes to pay Heenan Blaikie its customary hourly rates in effect from time to time as set forth in the Kraft Affidavit. The Debtors submit that these rates are reasonable.

### B. Scope and Terms of Engagement

13. The Debtors submit that Heenan Blaikie's proposed retention satisfies the four prerequisites for retention of counsel under § 327(e) in that: (a) the proposed retention is for specific purposes; (b) the proposed retention does not involve conducting the bankruptcy cases; (c) the proposed retention is in the best interest of the Debtors' estates; and (d) Heenan Blaikie does not hold or represent any interest adverse to the Debtors or its estate with respect to the specific matters for which retention is sought.

4

14. The Debtors believe that the services of Heenan Blaikie are necessary for the effective administrative of its bankruptcy case. Subject to further order of this Court, Heenan Blaikie will render the following professional services:

    (a) provide legal services in connection with proceedings under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "CCAA"), before the Ontario Superior Court of Justice (Commercial List) (the "CCAA Proceeding"), including seeking recognition of the Chapter 11 Cases under the CCAA; and

    (b) provide legal services which are reasonably necessary and appropriate to advise and assist the Debtors with matters of Canadian law affecting the Debtors, including, without limitation, in connection with the Chapter 11 Cases and the CCAA Proceeding.

15. Subject to Court approval, Heenan Blaikie will charge the Debtors for its professional services as follows:

    (a) Heenan Blaikie will charge its standard hourly rates (in Canadian dollars, or "Cdn$"), which are presently as follows:

| | |
|---|---|
| Partners | Cdn$500-$1,050 |
| Associates | Cdn$350-$700 |
| Law Clerks (Paralegals) | Cdn$275-$450 |

    (b) In addition to the compensation for services rendered, Heenan Blaikie shall be reimbursed for all reasonable out-of-pocket expenses incurred relating directly to work performed for the Debtors. Examples of such expenses include travel, lodging, meals, equipment and vehicle rental, clerical supplies and services, and telephone, fax, photocopy and printing charges. Heenan Blaikie charges only the amount actually incurred by Heenan Blaikie in connection with such items.

    (c) To ensure compliance with all applicable deadlines and exigencies in the Chapter 11 Cases, Heenan Blaikie will from time to time utilize the services of overtime secretaries and may seek reimbursement for same. Heenan Blaikie does not charge for secretarial and word-processing expenses incurred during the normal working day.

    (d) Heenan Blaikie will seek compensation of its fees and expenses on an interim and final basis in accordance with § 330(a), the Local Rules and other applicable orders of the Court. Subject to the allowance of such fees and expenses by the Court, the Debtors shall be liable for the payment of all fees earned and expenses incurred by Heenan Blaikie in the course of its employment in this case.

5

  (e)  Heenan Blaikie professionals and paraprofessionals keep track of their billings in six minute (.1 hour) increments with time charges allocated consistent with the categories set forth by the Office of the United States Trustee for the District of Massachusetts.

  (f)  Heenan Blaikie reserves the right to apply to this Court, upon confirmation of any plan or plans of reorganization, for a fee enhancement for extraordinary results obtained under applicable bankruptcy law regarding fee enhancements.

16. Heenan Blaikie has advised the Debtors that it will charge costs and expenses in accordance and consistent with the Local Rules and applicable guidelines promulgated by the Office of the United States Trustee for the District of Massachusetts (the "UST Guidelines"). Heenan Blaikie will periodically apply to this Court for allowance of interim compensation for professional services rendered and reimbursement of costs and expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the UST Guidelines and such other procedures as may be fixed by order of this Court.

17. Prior to the Petition Date, Heenan Blaikie received a retainer from the Debtors in the amount of Cdn $8,000, of which Cdn $5,000 has been applied on account of pre-petition services. The remaining cash retainer in the amount of Cdn $75,000 will be held in trust and applied in payment of fees and expenses upon approval by this Court of Heenan Blaikie's application for interim compensation for professional services rendered and reimbursement of costs and expenses.

18. Given the numerous issues which Heenan Blaikie may be required to address in the performance of its services hereunder, Heenan Blaikie's commitment to this variable level of time and effort necessary to address all such issues as they arise, and the market prices for Heenan Blaikie's services and engagements of this nature in an out-of-court context as well as in chapter 11, the Debtors agrees that the fee arrangement is reasonable under the standards set forth in section 328(a) of the Bankruptcy Code.

6

19. Heenan Blaikie has neither shared nor agreed to share with any other person compensation received or to be received in this case, other than as permitted by the Bankruptcy Code.

20. Except as set forth below or in the Kraft Affidavit, the professionals at Heenan Blaikie, to the best of the Debtors' knowledge, do not represent any interest materially adverse to the Debtors, its creditors, the United States Trustee, any person employed by the Office of the United States Trustee for the District of Massachusetts or any other party in interest. Except as set forth below or in the Kraft Affidavit, the Debtors believes that neither Heenan Blaikie nor any partner; counsel or associate of it has any current connections with the Debtors, or the employees of the Office of the United States Trustee for the District of Massachusetts, nor represents any interest adverse to the Debtors or its estate in the matters upon which Heenan Blaikie is to be employed.

21. Heenan Blaikie has informed the Debtors that it may have and may continue to provide legal advice and/or have other relationships with parties other than the Debtors, but Heenan Blaikie has informed the Debtors that it is not presently representing any party in connection with its representation of the Debtors in these cases that has interests that conflict with those of the Debtors. Given its diverse practice and client base, Heenan Blaikie may represent clients who are or become creditors of the Debtors in matters unrelated to these Chapter 11 Cases. Heenan Blaikie will not represent any person or entity in a transaction with the Debtors that may conflict with Heenan Blaikie's representation of the Debtors in these Chapter 11 Cases.

## NOTICE

22. No trustee, examiner or creditors' committee has been appointed in these cases. The Debtors served notice of this Motion on: (i) the Office of the United States Trustee for the

District of Massachusetts; (ii) the creditors holding the thirty (30) largest unsecured claims against the Debtors **(on a consolidated basis)**; (iii) counsel for GE CEF; (iv) counsel for First Street Finance Corp.; (v) all parties that have timely filed appearances pursuant to Bankruptcy Rule 2002; and (vi) the Authorities. The Debtors submit that such notice is proper under the circumstances and that no other or further notice is necessary.

## NO PRIOR REQUEST

23. No prior request for the relief sought in this Application has been made to this or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein and in the Kraft Affidavit, the Debtors respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief the Court deems just and proper.

Dated: June 28, 2011

ELEPHANT & CASTLE GROUP, INC.

_____
David Dobbin
President & CEO