IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
<u>EASTERN DIVISION</u>

| | |
|---|---|
| In re: | Chapter 11 |
| MASSACHUSETTS ELEPHANT & CASTLE GROUP, INC., *et al.*,[1] | Case No. 11-_____( ) |
| Debtors. | Jointly Administered |

**AFFIDAVIT OF KENNETH D. KRAFT IN SUPPORT OF THE APPLICATION
OF THE DEBTORS FOR AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF HEENAN BLAIKIE LLP AS CANADIAN COUNSEL TO THE
DEBTOR *NUNC PRO TUNC* TO THE COMMENCEMENT DATE PURSUANT
TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE**

PROVINCE OF ONTARIO    )
                       ) SS:
CITY OF TORONTO        )

Kenneth D. Kraft, being first duly sworn to oath, deposes and says:

1.  I am a barrister and solicitor admitted to practice in the Province of Ontario, and am a partner of the firm of Heenan Blaikie LLP ("<u>Heenan Blaikie</u>"). The Toronto office of Heenan Blaikie, which is the office in which I practice, is located at 333 Bay Street, Suite 2900, Toronto, Ontario, Canada. Heenan Blaikie also has offices in the following cities in Canada: Quebec City, Montreal, Sherbrooke, Trois-Rivieres, Ottawa, Calgary, Vancouver, and Victoria. In addition, Heenan Blaikie also has offices in Paris, France and in Singapore.

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Massachusetts Elephant & Castle Group, Inc. (5090), Elephant and Castle of Pennsylvania, Inc. (9152), E&C Pub, Inc. (4001), Elephant & Castle Inc. (Washington) (3988), Elephant & Castle (Chicago) Corporation (5254), Elephant & Castle East Huron, LLC (8642), E&C Capital, LLC (4895), Elephant & Castle Illinois Corporation (2811), E&C Eye Street, LLC (1803), Elephant & Castle International, Inc. (5294), Elephant & Castle Pratt Street, LLC (7898), Elephant & Castle Group Inc. (no U.S. EIN), Elephant & Castle Canada Inc. (no U.S. EIN), Repechage Investments Limited (no U.S. EIN), Elephant & Castle, Inc. (Texas) (no U.S. EIN). The Debtors' corporate offices are located at 50 Congress Street, Suite 900, Boston, MA 02109.

2.   I submit this Affidavit in support of the application (the "Application")[2] of Massachusetts Elephant & Castle Group, Inc., on behalf of itself and affiliated debtors and debtors in possession (collectively, the "Debtors"), for an order approving the employment and retention of Heenan Blaikie as their Canadian counsel in the Chapter 11 Cases for the purpose of advising the Debtors on relevant aspects of Canadian law and taking all actions necessary to protect the Debtors' interests in connection with any proceedings (the "Ancillary Proceedings") that may take place in the Canadian courts as discussed more specifically in the Application, in compliance with and to provide disclosure pursuant to sections 329, 504 and 1102 of title 11 of the United States Code, 11 U.S.C. §§ 101 1532 (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Massachusetts (the "Local Rules"). Unless otherwise stated in this affidavit, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon Heenan Blaikie's completion of further analysis or as additional creditor information becomes available to it, a supplemental affidavit will be submitted to the Court. To the extent that I am referencing provisions the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, I am relying on the explanation of these provisions that have been provided by Eckert Seamans.

## COMPENSATION

3.   Subject to approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, Heenan Blaikie intends to apply for compensation for professional services rendered in connection with the Chapter 11

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meaning ascribed thereto in the Application.

Cases, plus reimbursement of actual, necessary expenses and other charges incurred by Heenan Blaikie during the case. Heenan Blaikie will charge its standard hourly rates (in Canadian dollars, or "Cdn$"), which are presently as follows:

(a) Partners                Cdn$500-$1,050

(b) Associates              Cdn$350-$700

(c) Law Clerks (Paralegals) Cdn$180-$450

4. The hourly rates set forth above are Heenan Blaikie's standard hourly rates for work of this nature. These rates are set at a level designed to compensate Heenan Blaikie fairly for the work of their attorneys and law clerks or paralegals and to cover fixed and routine overhead expenses. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Though other attorneys and law clerks or paralegals within Heenan Blaikie may from time to time serve the Debtors in connection with the matters described herein, the principal professionals designated to represent the Debtors and their current standard hourly rates are as follows:

(a) Kenneth Kraft, partner      Cdn$775 per hour

(b) Justin Fogarty, partner     Cdn$800 per hour

(c) John Salmas, partner        Cdn$660 per hour

(d) Sara Wilson, associate      Cdn$375 per hour

5. It is Heenan Blaikie's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, special or hand delivery charges, document processing, printing/photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs as well as non-ordinary overhead expenses such as secretarial and other overtime. Heenan Blaikie will charge the Debtors for these expenses in a manner and at

3

rates consistent with charges made generally to Heenan Blaikie's other clients or as previously fixed by the Local Rules or this Court. Heenan Blaikie is also obligated to charge harmonized sales taxes ("HST") on legal fees and most disbursements. Those Debtors who pay the HST and are HST registrants under Canadian law will be entitled to a credit equivalent to the amount of HST paid to Heenan Blaikie.

## DISCLOSURE CONCERNING CONFLICTS OF INTEREST

6. In preparing this affidavit, Heenan Blaikie requested and obtained from the Debtors a list of the names of entities who may be parties in interest in these Chapter 11 Cases, including, inter alia, the Debtors' secured creditors, the Debtors' largest unsecured creditors, present officers and directors and parties holding equity interests in the Debtors (the "Potential Parties in Interest"). Neither I, Heenan Blaikie, nor any partner or associate of Heenan Blaikie, insofar as I have been able to ascertain, and save as disclosed in paragraph 8 below, has in the past represented the Debtors' largest creditors, any significant beneficiaries of the Debtors (holding 5% or more of the beneficial interests in the Debtors) or any Potential Party in Interest.

7. Heenan Blaikie maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of Heenan Blaikie to make and maintain these records. The conflict system maintained by Heenan Blaikie is designed to include (i) every matter on which it is now or has been engaged, (ii) the entity by which it is now or has been engaged, (iii) the identity of related parties, (iv) the identity of adverse parties and (v) the lawyer at Heenan Blaikie that is knowledgeable about the matter. It is the policy of Heenan Blaikie that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and the related and adverse parties. Accordingly, the database is updated for every

4

new matter undertaken by Heenan Blaikie. The scope of the system is a function of the completeness and accuracy of the information submitted by the lawyer opening a new matter.

8. Heenan Blaikie has in the past represented, currently represents and/or may in the future represent, in matters wholly unrelated to these cases, certain Potential Parties in Interest (including, without limitation, those entities set forth on Exhibit 1 attached hereto who are current clients or are affiliates thereof, and those entities or affiliates thereof set forth on Exhibit 2 attached hereto who have been represented by Heenan Blaikie within the last five (5) years). In any event, Heenan Blaikie will not represent any of the foregoing claimants or any party in interest in any facet of the Debtor's bankruptcy case.

9. Prior to the Petition Date, Heenan Blaikie received a retainer from the Debtors in the amount of Cdn$80,000, of which Cdn$60,000 has been applied on account of pre-petition services. The remaining cash retainer in the amount of Cdn$20,000 will be held in trust and applied in payment of fees and expenses upon approval by this Court of Heenan Blaikie's application for interim compensation for professional services rendered and reimbursement of costs and expenses.

10. In addition to the above noted retainer, Heenan Blaikie received an additional $75,000 from the Debtors to be forwarded on to BDO Canada Limited ("BDO") as a retainer for its services as information officer in the Ancillary Proceedings. These funds were forwarded on to BDO shortly after their receipt by Heenan Blaikie to be used by BDO and BDO's counsel in the Ancillary Proceedings.

11. I do not believe there is any connection or interest (as such terms are used in section 101(14) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between Heenan Blaikie and (i) the United States Trustee or any person employed by the Office of the United States Trustee for the District of Massachusetts or (ii) any counsel, accountants, financial consultants

and investment bankers who represent or may represent claimants or other parties in interest in these cases. In addition, as part of its practice, Heenan Blaikie appears in cases, proceedings and transactions involving many different attorneys, co-counsel, accountants, financial consultants and investment bankers, some of which now or may in the future represent claimants and parties in interest in these cases. Heenan Blaikie has not and will not represent any such entities in relation to the Debtors and the Chapter 11 Cases nor have any relationship with any such entities that would be adverse to the Debtors or its estate in the matters upon which Heenan Blaikie is to be employed.

12. Except as set forth herein, and based upon the information available to me, neither Heenan Blaikie nor any partner or associate thereof, insofar as I have been able to ascertain, represents any interest adverse to the Debtors or its estate in the matters upon which Heenan Blaikie is to be employed. Heenan Blaikie is neither a creditor of the Debtors, an interest holder of the Debtors, nor an insider of the Debtors.

12. The proposed engagement of Heenan Blaikie is not prohibited or improper under Bankruptcy Rule 5002(a).

13. No promises have been received by Heenan Blaikie, or by any member or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. Heenan Blaikie has no agreement with any other entity to share with such entity any compensation received by Heenan Blaikie.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 28th of June, 2011, at Toronto, Ontario, Canada.

_____
Kenneth D. Kraft

SWORN BEFORE ME at the City of
Toronto, in the Province of Ontario
on June 28, 2011

_____
Notary Public

John J. Salmas

# EXHIBIT 1

GE Canada

GE Captital CanadaRoyal Bank of Canada

Ogilvy Renault LLP

Centennial Foods Partnership

Workplace Safety Insurance Board of Ontario

City of Vancouver

Cintas Canada Limited

Oxford Properties Group

OMERS Capital Partners

**EXHIBIT 2**

Gordon Food Services Inc.

Servicemaster

Toronto Hydro Corporation

HBdocs - 10670001v2

HBdocs - 10670001v3