IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Massachusetts Elephant & Castle Group, Inc., et al.[1] | : | Case No. 11-16155 |
| | : | |
| Debtors | : | Jointly Administered |

**INTERIM ORDER (A) AUTHORIZING USE OF CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION; (C) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001; AND (D) GRANTING RELATED RELIEF**

This matter having come before the Court on the Motion of the Debtors for an Order Pursuant to Sections 105, 362, 362, and 363 of Bankruptcy Code (A) Authorizing Use of Collateral;' (B) Granting Adequate Protection; (C) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001; and (D) Granting Related Relief (the "Motion") filed by Massachusetts Elephant & Castle Group, Inc. on behalf of itself and affiliated debtors and debtors in possession (collectively the "Debtors"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and notice of the Motion and the hearing being and sufficient notice under the circumstances; and it appearing from the record before the Court that sufficient cause exists for the entry of this order; the Court **FINDS AS FOLLOWS:** [2]

A.  On June 28, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, are Massachusetts Elephant & Castle Group, Inc. (5090), Elephant and Castle of Pennsylvania, Inc. (9152), E&C Pub, Inc. (4001), Elephant & Castle Inc. (Washington) (3988), Elephant & Castle (Chicago) Corporation (5254), Elephant & Castle East Huron, LLC (8642), E&C Capital, LLC (4895), Elephant & Castle Illinois Corporation (2811), E&C Eye Street, LLC (1803), Elephant & Castle International, Inc. (5294), Elephant & Castle Pratt Street, LLC (7898), Elephant & Castle Group Inc. (no U.S. EIN), Elephant & Castle Canada Inc. (no U.S. EIN), Repechage Investments Limited (no U.S. EIN), Elephant & Castle, Inc. (Texas) (no U.S. EIN). The debtors' corporate offices are located at 50 Congress Street, Suite 900, Boston, MA 02109.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

{M0941524.2}

United States Bankruptcy Court for the District of Massachusetts (the "Court"). A Motion for Joint Administration was simultaneously filed therewith.

B.  The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No official committee of unsecured creditors has been appointed in these cases.

C.  This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2).

D.  The Debtors require the use of the cash collateral in order to preserve their operations and the value of their assets. The entry of the relief contained in this Order is in the best interests of the Debtors, their estates, and their creditors.

E.  GE Canada Equipment Financing G.P. ("GE CEF"), Fifth Street Finance Corp. ("Fifth Street") Sysco San Diego, Inc. ("Sysco"), Royal Bank of Canada ("Royal Bank") and Toronto Dominion Bank ("TD Bank") (collectively, GE CEF, Fifth Street, Sysco, Royal Bank and TD Bank shall be referred to as "Lenders") have asserted, or may assert, a lien against the property of certain of the Debtors and the cash proceeds thereof (the "Cash Collateral").

F.  For avoidance of doubt, the provisions and protections of this Interim Order shall apply to each Lender only with respect to the Debtor(s) against whom such Lender has a prepetition secured claim (in each case, the "Applicable Debtor"), and nothing contained herein shall grant any Lender any rights or claims against any Debtor that is not an Applicable Debtor of such Lender. Similarly, unless otherwise provided, the adequate protection and other obligations of a Debtor under this Interim Order shall only apply to the Lender(s) that hold a prepetition secured claim against such Debtor (in each case, the "Applicable Lender").

{M0941524.2}

G.     This Court has not been asked to find and it does not find, that any security [*and subject to the reservation of rights provisions in paragraph 11*] interest asserted by any Lender is valid or perfected. Nothing in this order constitutes a limitation on the applicability of Massachusetts Local Bankruptcy Rules.

H.     Pending a final hearing on the Motion, the replacement liens and other forms of protection set forth below will adequately protect the interests of the Lenders for the purposes of sections 361, 363(e) and 507(b) of the Bankruptcy Code.

I.     Due and adequate notice of the hearing has been given, and no further notice of the hearing is required before the entry of the relief provided for in this Order.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     The Motion is allowed, on an interim basis, as set forth herein.

2.     The Debtors are authorized to use Cash Collateral in the ordinary course of their business substantially in accordance with the budget attached hereto as Exhibit A (the "Budget") for the period (the "Specified Period") from the Petition Date through the date which is the earliest to occur of: (a) an Event of Default (subject to the Debtor's right to obtain further authorization to use Cash Collateral within the Notice Period) or (b) the final hearing on the Motion.

3.     The Debtors shall use Cash Collateral during the Specified Period, at the times, in the amounts and solely for the purposes identified in the Budget (as such may be amended with the consent of the Lenders or approval of the Court) provided, however, the Debtors shall be authorized to exceed the expenses in the Budget by no more than ten percent (10%) (on an aggregate basis) (the "Permitted Variance") and to apply any unused portion in one week to any subsequent weekly period.

{M0941524.2}

4.  For the purposes of sections 361, 363(e) and 507(b) of the Bankruptcy Code and adequate protection for the Debtors' use of Cash Collateral, the Lenders are hereby granted replacement liens (the "Replacement Liens") in and to all property of the kind presently securing the prepetition obligations of the Debtors to the Lenders, including property purchased or acquired with the Cash Collateral together with any proceeds thereof, but excluding causes of action under chapter 5 of the Bankruptcy Code and proceeds thereof. The Replacement Liens shall only attach to and be enforceable against the same types of property, to the same extent, and in the same order of priority as existed immediately prior to the Petition Date. The Replacement Liens shall be recognized only to the extent of any post-petition diminution in value of the prepetition collateral of each Applicable ~~Lender~~ *Lender* including without limitation as a result of, arising from, or otherwise attributable to the use of of Cash Collateral during these bankruptcy cases, the deterioration, use, sale, lease or other disposition of the prepetition collateral, and the imposition of the automatic stay. *Claims for intercompany transfers will be entitled to priority status under sections 507(a)(2) and 503(b) of the Bankruptcy Code*

5.  The Replacement Liens shall not attach to any avoidance powers held by the Debtors or any trustee for the Debtors, including avoidance set forth in sections 544, 545. 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code, or to the proceeds of any claims under or actions commenced pursuant such powers.

6.  On the third business day of each week following entry of this Order, the Debtors shall furnish to the ~~Applicable~~ Lenders and their counsel (and any official committee of unsecured creditors appointed in this bankruptcy case and its counsel): (i) a weekly cash report setting forth, in comparative form, the actual results achieved against projected for the prior week, including the actual cash receipts and disbursements and the variance of the actual results from those estimated in the Budget; and (ii) such other documents information as may be

{M0941524.2}

reasonably requested. The Debtors shall also furnish copies of their monthly operating reports as filed with the Office of the United States Trustee. Upon reasonable notice by an ~~Applicable~~ Lender, the Debtors shall permit such Lender and any of its agents reasonable access to the Debtors' records and place of business during normal business hours to verify the existence, condition and location of collateral in which the ~~Applicable~~ Lender holds a security interest and to audit the Debtors' cash receipts and disbursements.

7. The Debtors' authority to use Cash Collateral as provided for in this Order shall terminate upon the occurrence of any of the following events, unless waived by the Applicable Lender in writing (collectively, the "Events of Default"):

(a) the failure by the Debtors to perform, in any material respect, any of the terms, provisions, conditions, covenants, or obligations under this Order;

(b) a default by the Debtors after the Petition Date in reporting the information specified in paragraph 6 above, if such default will remain uncured for three (3) days following written notice from the Applicable Lender to the Debtors; *which notice shall also be submitted to the United States Trustee and any creditors committee.*

(c) reversal, vacatur, or modification (without the express prior written consent of the Lenders, each in its sale discretion) of this Order, other than in accordance with the final order approving the Motion; or

(d) dismissal of the case or conversion of the case to a chapter 7 case, or appointment of a chapter 11 trustee, examiner with enlarged powers, other responsible person.

8. Upon the occurrence of an Event of Default, the Debtors' authority to use Cash Collateral shall cease if the Debtors do not within five (5) days thereof (the "Notice Period") seek an emergency hearing with the Court and obtain the further use of Cash Collateral.

9. This Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Replacement Liens to the extent set forth in Paragraph 4 without the necessity of filing or recording any financing statement or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking

{M0941524.2}

of any other action (including, for the avoidance of doubt, entering into any deposit account control agreement) to validate or perfect (in accordance with applicable non-bankruptcy law) the Replacement Liens, or to entitle the Lenders to the priorities granted herein. The Lenders, in their sole discretion, may file a photocopy of this Order as a financing statement with any filing or recording office or with any registry of deeds or similar office, in addition to or in lieu of such financing statements, notices of lien or similar instrument.

10. Nothing herein affects the validity or enforceability of that certain Interlender Agreement, dated as of October 16, 2009, between GE CEF and Fifth Street, as amended, restated, or otherwise modified.

11. Notwithstanding anything herein to the contrary, the entry of this Order is without prejudice to, and does not constitute a waiver of (a) the Lenders' right to seek any other or supplemental relief in respect of any Applicable Debtor, including the right to seek additional adequate protection (without prejudice to any other person's right to object to or otherwise oppose such additional adequate protection) or oppose the further use of Cash Collateral; (b) any of the rights of any Lender under the Bankruptcy Code or under non-bankruptcy law, including, without limitation, the right to (i) request modification of the automatic stay of section 362 of the Bankruptcy Code, (ii) request dismissal of any of these cases or successor cases, conversion of any of these cases to cases under chapter 7, (iii) request appointment of a chapter 11 trustee or examiner with expanded powers, or (iv) propose, subject to the provisions of section 1121 of the Bankruptcy Code, a chapter 11 plan or plans.

12. This Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be enforceable nunc pro tunc to

{M0941524.2}

the Petition Date immediately upon execution thereof. The Court has and will retain jurisdiction to enforce this Order according to its terms.

13. Nothing in this Order shall constitute a waiver by or restrict the Debtors' right to seek, or Lenders' right to oppose, the further use of Cash Collateral.

14. This Order and the Debtors' use of Cash Collateral as authorized in this Order shall become effective immediately upon entry of this Order by the Court.

15. A continued hearing on the Debtors' Motion shall be held on August 1, 2011 at 9:30 a.m. in Worcester, Massachusetts

16. A copy of this Order, shall be served by the Debtors via first class mail on or before July 5, 2011 upon: (a) the Office of the United States Trustee; (b) the Lenders, or their counsels; (c) the creditors holding the thirty (30) largest claims against the Debtors; (d) all known taxing authorities that have claims against the Debtor; (e) any party which has filed, prior to the date of entry of this Order, a request for service of pleadings in this case; and (f) counsel for any official committee of unsecured creditors appointed in this case pursuant to section 1102 of the Bankruptcy Code. Service in accordance with this paragraph shall be deemed good and sufficient notice and service of this Order and of the final hearing on the use of Cash Collateral.

_____
United States Bankruptcy Judge
Henry J. Boroff

Dated: June 30, 2011

{M0941524.2}