# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Massachusetts Elephant & Castle | : | |
| Group, Inc., et al.[1] | : | Case No. 11-16155 (HJB) |
| | : | |
| Debtors | : | Jointly Administered |

## DEBTORS' REPLY TO THE OBJECTION OF G.E. CANADA EQUIPMENT FINANCING, G.P. TO THE DEBTORS' CASH COLLATERAL MOTION

Massachusetts Elephant & Castle Group, Inc. on behalf of itself and affiliated debtors and debtors-in possession (collectively, "Debtors") reply to the Objection of G.E. Canada Equipment Financing , G.P. to the Debtors' Cash Collateral Motion (the "Debtors' Reply"), stating as follows:

## PRELIMINARY STATEMENT

1. The objection of G.E. Canada Equipment Financing, G.P. ("GE CEF") to the Debtors' Cash Collateral Motion ("GE CEF Objection") makes a number of unsubstantiated allegations about the supposed motivations of the Debtors. Given the short time frame to respond, the Debtors' Reply is filed as a general denial of these allegations and to briefly set the

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, are Massachusetts Elephant & Castle Group, Inc. (5090), Elephant and Castle of Pennsylvania, Inc. (9152), E&C Pub, Inc. (4001), Elephant & Castle Inc. (Washington) (3988), Elephant & Castle (Chicago) Corporation (5254), Elephant & Castle East Huron, LLC (8642), E&C Capital, LLC (4895), Elephant & Castle Illinois Corporation (2811), E&C Eye Street, LLC (1803), Elephant & Castle International, Inc. (5294), Elephant & Castle Pratt Street, LLC (7898), Elephant & Castle Group Inc. (no U.S. EIN), Elephant & Castle Canada Inc. (no U.S. EIN), Repechage Investments Limited (no U.S. EIN), Elephant & Castle, Inc. (Texas) (no U.S. EIN). The debtors' corporate offices are located at 50 Congress Street, Suite 900, Boston, MA 02109.

{U0036976.1}

record straight, from the Debtors' perspective, without attempting at this point to address in detail the many allegations made by GE CEF in its Objection.[2]

2. The Debtors' motivation is to work with all of their constituents to ensure that all potential alternatives which may maximize value for the Debtors' estates are considered and steps taken to realize such value are implemented prudently. Rushing headlong down any one path before the Debtors have evaluated options or had a meaningful conversation with constituents is not prudent. In that regard, Chapter 11 affords the Debtors the opportunity to evaluate options and allows other creditor constituencies beyond GE CEF the opportunity to have a voice in the process. The proposed form of Final Order on cash collateral that GE CEF provided the Debtors would have required the Debtors to enter into an Asset Purchase Agreement with a stalking horse by August 15, 2011, just one month after the Committee was formed and selected counsel. The proposed order would also have required an auction by August 31, 2011. The Debtors share the desire to move the case towards conclusion but have an obligation to ensure the path selected is in the best interest of the estate.

## **The Debtors Post-Petition Efforts**

3. Forced to file their bankruptcy petitions rapidly, the Debtors stated their intentions of proceeding with a Section 363 sale of their assets. This was, however, not meant to preclude consideration of any other options available to maximize the Debtors' assets for the benefit of their creditors. In fact, in the days leading up to the filing it appeared that the case would likely proceed down a Section 363 track given the pre-petition work of the Debtors and their investment banker, BellMark. However, because the filings were accomplished so rapidly,

---

[2] For example, and importantly, the Debtors dispute GE CEF's assertions that the Debtors' operations and financial performance has "deteriorated at an alarming rate." Rather, the Debtors' performance has improved in 2010 over 2009 and the Debtors believe that their performance will continue to improve (or at least not deteriorate in 2011). The Debtors reserve all of their rights to provide a further detailed response to the Objection at an appropriate time.

{U0036976.1}

no bidder was immediately positioned to act through the bankruptcy process . Since the petition date, the Debtors have prepared for such a process by, among other things, preparing a proposed form of Asset Purchase Agreement, a draft sale motion and draft bidding procedures.

4. Also, the Debtors, shortly after their bankruptcy filings, filed an application to employ BellMark (the" BellMark Application"), to continue to assist in critical tasks associated with identifying and negotiating with third-parties interested in acquiring the Debtors' businesses or with third-parties interested in providing capital to the Debtors. BellMark continues to actively seek bidders for the potential sale of the Debtors' assets and/or sources of financing. Further, the Debtors have also determined that their estates would be best served by the employment of an experienced restructuring advisor for the purpose of providing independent advise as to the most feasible course to maximize value so as to serve the interest of all creditors and constituencies. Hence, the Debtors filed their application to employ Phoenix Management Services Inc. ("Phoenix Management") on August 19, 2011 for the purpose of providing strategic restructuring and financial advisory services to the estates.

5. Since their bankruptcy filings, the Debtors have kept GE CEF and other creditor constituents informed. In so doing, the Debtors have communicated to all constituencies their belief that it made sense to evaluate whether a plan process might be amenable to the parties which might allow a confirmable plan to be accomplished in a relatively short time frame. It is for that purpose that the Debtors seek the employment of Phoenix Management to help expeditiously evaluate plan options and to compare those prospects against interest from bidders interested in proceeding under section 363.

6. The Debtors understand and take seriously their obligations as debtors-in-possession and are committed to working fully with their creditors constituencies in a positive

{U0036976.1}

fashion to insure that the rights of all affected parties are respected within the frame work of the Bankruptcy Code. In that regard, on Monday August 22, 2011, the Debtors hosted a meeting by which all major creditor constituencies and their representatives and advisors gathered in person and by phone to discuss the status of the case and the strategy for moving forward.

### **Continued Cash Collateral**

7. GE CEF has indicated that it would be willing to consent to the Debtors' continued use of cash collateral pursuant to a cash collateral order that included various provisions which it summarized in its objection.

8. Among other things, this included the appointment of a "CRO" or "Independent Director". The employment of Phoenix Management will provide the Debtors with the functions of a CRO type advisor for the purpose of providing independent counsel as to how the Debtors should best proceed in order to protect and maximize the value of the Debtors' estates for all creditor constituencies. GE CEF also seeks for the Debtor to continue, at least on parallel tracks, pursuing the 363 Sale, while at the same time exploring other options. Such a proposal under a reasonable time frame is acceptable to the Debtors. Given the foregoing, the Debtors believe that there is common ground between what GE CEF seeks and a continuing cash collateral order which would move this process along. The Debtors have provided GE CEF with a proposed form of interim cash collateral order which will allow the continued use of cash collateral for another week while the parties work on a further order that documents their understandings about the process for exit.

WHEREFORE, the Debtors respectfully request the Court enter a continuing interim cash collateral order in a form acceptable to the Debtors which protects the interest of all creditor constituencies in this case.

{U0036976.1}

Dated: August 23, 2011

                      ECKERT SEAMANS CHERIN & MELLOTT, LLC

                      By: /s/ John G. Loughnane
                      John G. Loughnane (BBO No. 557599)
                      Two International Place, 16th Floor
                      Boston, MA  02110-2602
                      Phone:  617-342-6800
                      Fax:     617-342-6899
                      E-Mail:  jloughnane@eckertseamans.com

                      COUNSEL TO THE DEBTORS

{U0036976.1}